UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61587-CV-SINGHAL
MAGISTRATE JUDGE REID

ERVIN L. WATSON,

    Plaintiff,
v.

SARAH MANCINI, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Introduction

This matter is before the Court on Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff has also filed a Motion for Temporary Restraining Order and "writ of prohibition & change of venue". [ECF Nos. 8, 9]. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Ervin Watson**, is a pretrial detainee at the Broward County Main Jail and is proceeding *in forma pauperis* in this matter. [ECF Nos. 1, 7]. Accordingly, his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A before it may proceed further. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

### II.  Facts Alleged

Plaintiff alleges that his state court criminal case has been on standstill for more than ninety days. [ECF No. 1 at 5]. He claims he is subject to an indefinite sentence. [*Id*.]. In his statement of injuries, Plaintiff alleges that "Judge Mariya Weekes is biased and prejudiced" and wants him to

go to prison. [*Id*.]. He alleges that he has spoken to his public defender who advised him that there "was no court" and she did not "know when." [*Id*. at 8]. He has sought habeas corpus relief in the state trial court but is has been denied. [*Id*.].

### III. Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standards govern dismissal under Fed. R. Civ. P. 12(b)(6) and under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.). Under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A review of the Plaintiff's allegations reveals that he has failed to state a claim upon which relief can be granted. His only identified claim is an Eighth Amendment violation. However, he has not presented any argument in support of this claim. He merely alleges that his criminal case has been on hold for ninety days as of the filing of the Complaint.[1] In the absence of any allegations to support his claim of an Eighth Amendment violation, the Complaint should be dismissed for failure to state a claim.

Ordinarily Plaintiff might be given an opportunity to cure deficiencies by filing an amended complaint. However as discussed below there is no need to do so because he cannot proceed against any of the named Defendants.

### A. Claims Against Public Defender

Plaintiff names as Defendant his assigned attorney. [ECF No. 1 at 2]. However, a public defender is not liable under § 1983 because they are not state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law, as required under § 1983, when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding). Here the allegations against the public defender involve her traditional function as defense counsel and she was not acting under color of state law. The claim against Defendant Newman should be dismissed.

### B. Claim Against Assistant State Attorney Spencer Scott

The next Defendant named by Plaintiff is an assistant state attorney. To the extent Plaintiff is suing this Defendant because of the delay in the state court proceedings, the claim should be

---

[1] Plaintiff has attached a copy of the Order Denying Petition for Writ of Habeas Corpus [ECF No. 1-1] which indicates a state criminal case number 18-000084 CF10A. A review of the Broward County Online Docket for this case shows that the criminal case is proceeding. *See* www.browardclerk.org.

dismissed because the Defendant is immune. A prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the state or government. *See Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010), *aff'd* 566 U.S. 356 (2012).

A prosecutor is charged with initiation of criminal prosecution, appearance in judicial proceedings, and prosecutorial conduct before grand juries. *See id*. The prosecutor, however, is absolutely immune from suit for her actions in this case because there are no allegations that she acted outside her role as an advocate for the state. *See Id.* at 837–38; *see also Rowe*, 279 F.3d at 1279–80; *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ("in initiating a prosecution and presenting the state's case, the prosecutor is immune from civil suit for damages under § 1983"). Here, the complaint does not allege that the prosecutor engaged in misconduct outside the bounds of prosecutorial immunity. *See Rehberg*, 611 F.3d at 837–38, 841.

### C. Claim Against Judge Mariya Weekes

The only allegations against Judge Weekes concern matters within her judicial role as the presiding judges in the criminal proceedings against Plaintiff. Judges are absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). *See Forrester v. White*, 484 U.S. 219, 227 (1988). Here the defendant, as a judge, is absolutely immune from this suit for damages where her acts did not involve her administrative, legislative or executive functions. The claim against Judge Weekes is subject to dismissal because she is immune from suit.

## IV. Conclusion

Since none of Plaintiff's claims for relief are sufficient to proceed under § 1983, it is **RECOMMENDED** that Plaintiff's Complaint [ECF 1] be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted and that the Motion for Temporary Restraining Order "Writ of Prohibition" [ECF Nos. 8, 9] be **DENIED** as moot.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 5th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: Ervin L. Watson
501705054
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE